# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| COREY BURGESS, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 4:17-CV-2951 NCC |
| DALE GLASS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 relative to his speedy trial claims in his underlying state criminal action. After review of the § 2241 application for writ of habeas corpus, the Court will deny and dismiss this action as a result of petitioner's failure to fully exhaust his state remedies.

### Background

On September 8, 2016, the Circuit Attorney in St. Louis City filed a criminal complaint against petitioner asserting that on or about August 27, 2016, he had committed felony kidnapping, rape in the second degree, sodomy in the second degree, domestic assault in the second degree and domestic assault in the third degree. *State v. Burgess*, No. 1622-CR03886-01 (22nd Judicial Circuit, City of St. Louis).[1]

A grand jury indictment was filed against petitioner on October 18, 2016, bringing the same five counts against petitioner and charging petitioner as a prior and persistent offender. *Id.* Bond was set at $100,000, cash only, by the Honorable Jimmie M. Edwards. *Id.* Petitioner was

---

[1] Petitioner was arraigned on September 9, 2016.

remanded to custody awaiting trial on the matter, and he was assigned counsel from the Missouri State Public Defender's Office.

On or about November 17, 2016, petitioner filed a pro se motion "for request of right to a speedy trial" pursuant to Missouri Revised Statute § 545.780. In his motion, petitioner asserted that his liberty interest was being threatened by a lengthy incarceration, and he wished for the matter to be set for trial within "180 days" of his request. The prosecutor's office filed a memorandum with the Court requesting that the case be assigned to a "special docket" as a result of petitioner's request for "speedy trial" on November 28, 2016. *Id.*

On January 25, 2017, petitioner's counsel filed a motion for bond reduction, asserting that the cash only bond of $100,000 was greatly beyond petitioner's financial capacity and higher than bonds normally set for the type of crimes charged in petitioner's indictment. The matter was heard on February 2, 2017, by the Honorable Michael F. Stelzer, and the motion to reduce the bond was denied. *Id.*

Hearings were held by Judge Stelzer on April 6, 2017 and May 18, 2017 relating to petitioner's speedy trial request. At each hearing, the trial date had to be continued as a result of ongoing discovery in petitioner's criminal action. For example, on June 1, 2017, petitioner's counsel filed a list of discovery still required in order to defend petitioner in his criminal proceedings. Petitioner's counsel noticed a deposition to be taken on October 4, 2017. And on December 1, 2017, both the prosecutor and petitioner's counsel filed a joint motion to continue the matter from the December 11, 2017 trial docket as a result of defense counsel's request for additional DNA discovery.

Petitioner's criminal action is currently set for trial on February 5, 2018 in Division 16 in the Carnahan Courthouse.

**Legal Standard**

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999).

Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy). However, a petition must contain enough facts to state a claim as a matter of law and must not be merely conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

**Discussion**

In his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, petitioner asserts two grounds for relief. He first asserts that he has been denied a right to speedy trial in his state court criminal action. He also asserts that his bond was excessive.[2]

In his argument that his speedy trial rights were violated, petitioner argues that he has been detained and awaiting trial on his state criminal charges since September 7, 2016, or approximately sixteen (16) months. He claims that he filed a request for "speedy trial," pursuant

---

[2] Petitioner's assertions regarding a purported lack of probable cause to indict him cannot be raised on a § 2241 petition, nor can his assertions relating to his purported "right to a preliminary hearing" in addition to his arraignment. These assertions must be raised in his criminal proceedings and at trial, or in his subsequent state proceedings.

3

to Mo.Rev.Stat. § 545.780[3], with the state court on or about November 17, 2016, and the state court has "egregiously surpassed" the 180-day trial date "without cause for the delay."

In asserting that his $100,000 cash bond is excessive, petitioner states only that the bond is too much and is keeping him incarcerated with persons who are detrimental to his health and safety.[4]

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies.[5] Moreover, petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that

---

[3] Petitioner refers to "180-day rule" in his application for writ. The Missouri Speedy Trial Act, sometimes called the 180-day rule, was repealed effective June 7, 1984. Under the current Speedy Trial Act, a defendant should be brought to trial "as soon as reasonably possible" after the defendant and his counsel indicates that he is ready for trial and requests a speedy trial. *See* Mo.Rev.Stat. § 545.780. The statute provides that the remedy for a defendant who is not tried "as soon as reasonably possible" is to seek mandamus in the **state court.** (emphasis added) There is no indication petitioner has brought a state court mandamus.

[4] The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII, § 1. "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the [fine] must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian,* 524 U.S. 321, 334, (1998). For excessive fine claims, a petitioner must show: (1) gross disproportionality; and (2) the disproportionality is of such a level that the punishment is more criminal than the crime. *United States v. Dodge Caravan,* 387 F.3d 758, 763 (8th Cir.2004). Given the serious nature of petitioner's charges of rape, kidnapping, sodomy and assault, the Court cannot say that petitioner's bond amount is disproportionate to the crimes for which he has been charged. And petitioner has not produced any case law supporting his opinion to the contrary.

[5] In the absence of special circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden,* 410 U.S. at 484. Missouri law provides at least three distinct avenues for a pretrial detainee to challenge unconstitutional conduct: filing a declaratory action, filing a state petition for habeas corpus, or filing a state petition for writ of mandamus. *See Wayne v. Missouri Bd. of Prob. and Parole,* 83 F.3d 994, 996-97 (8th Cir. 1996). Petitioner has not alleged, nor has the Court found, that petitioner exhausted his state remedies prior to bringing this action.

4

he has been deprived of the right to a speedy trial. Petitioner has failed to include enough facts to allow the Court to evaluate his conclusory "speedy trial" allegations, and most importantly, the claims raised by petitioner can be adequately raised with his state criminal counsel, at his criminal trial which is currently scheduled for February 5, 2018, and in his subsequent state proceedings.

As noted above, the Court has reviewed petitioner's state criminal docket via Mo.Case.Net and found that petitioner's counsel and the prosecutor filed a joint request for extension of the trial date as of December 11, 2017, because defense counsel needed additional DNA discovery.[6]

In light of the aforementioned, the Court will deny and dismiss the petition at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for habeas corpus brought pursuant to 28 U.S.C. § 2241 based on violations of speedy trial and excessive bond in his state criminal case [Doc. #1] is **DENIED and DISMISSED** without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of January. 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[6] When a criminal defendant or his counsel is responsible for the delays in trial, the defendant, by law, is not denied his right to speedy trial. *State v. Adams*, 691 S.W.2d 432 (Mo.Ct.App.1985); *State v. Cannon*, 692 S.W.2d 357 (Mo.Ct.App.1985); *State v. Daly*, 731 S.W.2d 315 (Mo.Ct.App.1987); *State v. Clark*, 723 S.W.2d 17 (Mo.Ct.App.1986).